IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO VANEGA, | No. CIV S-08-2053-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 22). In his motion, respondent argues that the California Supreme Court's citation to In re Swain, 34 Cal. 2d 300, 304 (1949), indicates that the state court was unable to reach the merits of petitioner's claim due to a procedural deficiency which could have been cured.[1] Respondent concluded that, because the state's highest court was not properly presented with the merits of petitioner's claim, the claim is unexhausted and, for this reason, the federal petition

---

[1] Respondent also contends that the state court's citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), indicates that the California Supreme Court was unable to reach the merits of petitioner's claim due to a procedural defect which could have been cured.

must be dismissed.  In his opposition, petitioner argues that, notwithstanding the California Supreme Court's citation to In re Swain, the claim is fully exhausted because the state court's denial of his claim without comment constituted a silent denial on the merits.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

In the instant case, the California Supreme Court summarily denied petitioner's habeas corpus petition with a citation to In re Swain, 34 Cal. 2d 300, 304 (1949). The Swain citation indicates that petitioner did not "allege with particularity the facts upon which he would have a final judgment overturned." Id. Under California law, a denial of relief under Swain is without prejudice to the filing of a new state court petition which meets the requirements described in the case. See id. Because citation to In re Swain as the basis for denying a state habeas petition generally indicates that the petitioner has not alleged with particularity sufficient facts in support of his petition, and is without prejudice to the filing of a subsequent petition meeting the pleading requirements, such denials do not establish the exhaustion of available state remedies. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). However, a Swain denial does not per se establish that the claim is unexhausted if the federal court independently determines that the claim could not have been alleged with any greater particularity. See id. at 1320.

Petitioner is incorrect that the California Supreme Court's decision constituted a silent denial on the merits. A silent denial occurs where the state court summarily denies relief without comment or citation. Here, while the California Supreme Court clearly did not comment on the merits of petitioner's claim, the citation to In re Swain at p. 304 makes it clear that the state court was unable to do so because of a procedural deficiency in the petition. Specifically, the California Supreme Court was unable to reach the merits because petitioner had not alleged

the specific facts necessary to address the claim.

This court has independently reviewed the petition filed in the California Supreme Court, which is attached to petitioner's federal petition, and does not find that the claim could not have been alleged with greater specificity. This court agrees with the California Supreme Court that the specific facts necessary to address the merits were not alleged. Petitioner claims that he was improperly denied parole because, under the applicable state sentencing law, a parole release date should have been set after he served a certain time in prison.[3] He also appears to raise issues relating to work-time credits. In his petition to the California Supreme Court, he did not state what the minimum term on his sentence is. Nor did he state when he was or would be considered for parole or the reasons cited for denying parole. He did not state when he was convicted or how many years he has served in prison. He did not provide any specific facts relating to work-time credits, such as how many he was entitled to and how many he received. Petitioner's petition to the California Supreme Court was conclusory and vague. For this reason, the court finds that the citation to In re Swain indicates a failure to exhaust.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] It seems that this claim would be extremely weak on the merits because, even if petitioner is correct that state law requires that prisoners who have served their minimum terms be released on parole, the California parole scheme requires that parole be granted where the inmate's release would not pose an unreasonable risk of danger to the community. Thus, what the law requires is a parole consideration hearing after the minimum term has been served. But release is only appropriate upon a finding that the inmate does not pose an unreasonable risk of danger at the time he is considered for parole.

4

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2009

　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
　　　　　　　　　　　　　　　　　　CRAIG M. KELLISON
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE